EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
YASIN MOHAMMAD
California Bar No. 242798
Assistant United States Attorney
Asset Forfeiture Section
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-6968
Facsimile: (213) 894-7177
E-mail: Yasin.Mohammad@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$347,625.21 IN BANK FUNDS, AND ONE HARLEY DAVIDSON MOTORCYCLE,<br><br>Defendant. | No. CV 16-08879<br><br>**VERIFIED COMPLAINT FOR FORFEITURE**<br><br>18 U.S.C. § 981(a)(1)(A) and (C)<br><br>[DEA] |

The United States of America brings this claim against the defendant $347,625.21 in bank funds and One Harley Davidson motorcycle (collectively, the “defendants”), and alleges as follows:

**JURISDICTION AND VENUE**

1. This is a civil forfeiture action brought pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(b).

**PERSONS AND ENTITIES**

4. The plaintiff in this action is the United States of America (the "government" or "plaintiff").

5. The defendants were seized on February 13, 2014, pursuant to California State Search and Seizure Warrants executed in Ventura County, California.[1] The seized defendants are:

a. $250,283.72 from Wells Fargo Bank ("WFB") Account '59934;

b. $97,341.49 from WFB Account '60015 (collectively referred to as the "defendant bank funds");and

c. One 2003 Harley Davidson motorcycle bearing VIN: 1HD1FDV123Y722666, and registered to Petros Petrosyan (the "defendant motorcycle").

(All assets are collectively referred to as the "defendant assets.")

6. The defendant assets are currently in the custody of the United States Secret Service ("USSS"), where they shall remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Petros Petrosyan ("Petros"), Kristine Petrosyan, Emily Petrosyan (collectively the "Petrosyan Claimants"), and American Express may be adversely affected by these proceedings.

**EVIDENCE SUPPORTING FORFEITURE**

8. Between in or around September 2008 and continuing through in or around September 2012, in Los Angeles and Ventura Counties, and

[1] Pursuant to Local Rule 5.2-1, personal residence addresses have been omitted from this Complaint.

elsewhere, Petros knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud federally-insured financial institutions, namely, American Express Bank, F.S.B. and American Express Centurion Bank (collectively "American Express"), as to material matters, in violation of 18 U.S.C. § 1344(1) (Bank Fraud), 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1029(a)(2) (Using Unauthorized Access Devices), and 18 U.S.C. § 1028A (Aggravated Identity Theft).

9. Specifically, Petros fraudulently and without authorization obtained and used over 150 credit cards issued by American Express in the names of individuals other than himself. Petros then used those American Express credit cards to purchase goods for his personal use, including, but not limited to, home improvement goods. There were more than ten victims of Petros's fraud scheme, which proximately caused a loss of at least $207,625.21.

10. Furthermore, Petros and others involved in the fraud scheme laundered the proceeds of their fraud scheme by using those proceeds to make significant improvements to properties owned by Petros and others and sold those properties for considerable profits, all in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 1957.

11. On January 30, 2014, the Ventura County Sheriff's Department (the "VCSD") arrested Petros on California state charges of burglary and identity theft following his attempt to purchase multiple products at a Harley Davidson retail store in Simi Valley, California, using counterfeit American Express credit cards.[2]

---

[2] Petrosyan was later found guilty of the charges related to this arrest. See, Los Angeles Superior Court, Case No. CIT0JB0380001.

12. On February 13, 2014, VCSD and USSS agents executed a state search warrant on Petros's residence in Granada Hills, California, and found numerous receipts reflecting fraudulent purchases from Home Depot, Lowes, Harley Davidson, and other merchants through the use of credit card accounts not belonging to Petros. Agents also found numerous bank statements in Petros's name, copies of Petros's tax returns, an unregistered/illegal firearm, and $48,530.00 in United States currency.

13. On July 15, 2014, Petros pleaded no contest to all 25 state criminal counts, which included multiple violations of California Penal Code § 459 (burglary) and § 530.5 (identity theft), stemming from his January 30, 2014, arrest.

**CLAIMS FOR RELIEF**

14. Based on the foregoing, plaintiff alleges that the defendant assets represent or are traceable to proceeds of fraudulent activity in violation of the following federal statutes: 18 U.S.C. § 1344(1) (Bank Fraud), 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1029(a)(2) (Using Unauthorized Access Devices), and 18 U.S.C. § 1028A (Aggravated Identity Theft), which are specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D). The defendant assets are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

15. Based on the forgoing, plaintiff further alleges that the defendant assets were either proceeds of or involved in the laundering of proceeds derived from the unlawful violations referenced in paragraph 13 above, all in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 1957, which are specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D).

The defendant assets are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

16. In addition, as concerning the defendant bank funds included among the defendant assets, to the extent that these funds are not the actual monies directly traceable to the illegal activities identified herein, plaintiff alleges that the funds are identical property found in the same account as the property involved in the specified offenses, rendering them subject to forfeiture pursuant to 18 U.S.C. § 984.

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant assets;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant assets to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

DATED: November 30, 2016

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

*/s/ Yasin Mohammad*
YASIN MOHAMMAD
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

**VERIFICATION**

I, Vinh Tran, declare and say that:

1. I am a Special Agent with the United States Secret Service ("USSS").

2. I have read the attached Verified Complaint for Forfeiture and know the contents thereof.

3. The information contained in the Complaint is either known to me personally, was furnished to me by official government sources, or obtained pursuant to subpoena. I am informed and believe that the allegations set out in the Complaint are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 30th day of November, 2016 at Los Angeles, California.

Vinh Tran

VINH TRAN
Special Agent - USSS